NOT DESIGNATED FOR PUBLICATION

No. 115,257

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAN E. TURNER and PHILLIP L. TURNER, d/b/a TURNER & TURNER,
*Appellants*,

v.

LARRY STEELE, *et al.*, *Defendants*, (FIRST TRIBUNE INSURANCE AGENCY, INC., and
WESTERN PLAINS FUNDS, INC.; SCOTT SCHNEIDER; JAMES MYERS; and PAUL MYERS),
*Appellees.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed April 21, 2017.
Affirmed.

*Phillip L. Turner*, of Turner & Turner, of Topeka, for appellants.

*Nathanael W. Berg*, of Hampton & Royce, L.C., of Salina, for appellees First Tribune Insurance
Agency, Inc., and Western Plains Funds, Inc.

*Charles F. Moser*, of Moser Law Office, P.A., of Tribune, for appellees Scott Schneider, James
Myers, and Paul Myers.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*: Although the parties are more than familiar with the matter before
us, we summarize the factual and procedural history as a brief introduction. This case
involves a dispute over funds used to purchase and redeem real property located in
Greeley County after a sheriff's sale of the property was vacated. The property at issue
was sold to Scott Schneider, James Myers, and Paul Myers (Purchasers) at a sheriff's sale

1

as a result of an attempt by the law firm of Turner & Turner and its principals, Dan E. Turner and Phillip L. Turner (Plaintiffs), to enforce a judgment against their former clients, the Steeles (Defendants). First Tribune Insurance Agency, Inc., and Western Plains Funds, Inc. (Landowners), alleged that they had previously purchased the property at a mortgage foreclosure sale and attempted to redeem the property by depositing funds with the district court clerk. The parties engaged in extensive litigation regarding ownership of the property, which eventually reached this court on two separate occasions. In the first case, we vacated the district court's confirmation of the sheriff's sale. *Turner v. Steele*, 47 Kan. App. 2d 976, 282 P.3d 632 (2012). In the second case, we affirmed the district court's ruling quieting title to the property in favor of the Landowners. *First Tribune Ins. Agency, Inc. v. Turner*, No. 108,188, 2014 WL 2401398 (Kan. App. 2014) (unpublished opinion). Based on these rulings, the Landowners filed a motion for return of the funds deposited in their attempt to redeem the property, and the Purchasers filed a motion for return of the funds they had used to buy the property.

In a comprehensive and well-reasoned memorandum decision, the district court vacated the sheriff's sale of the property at issue, granted the Landowners' motion for return of the redemption proceeds, and granted the Purchasers' motion for return of the sheriff's sale proceeds. Specifically, the court determined that the Landowners were entitled to the redemption proceeds because there could be no redemption without a valid sale. The court held that the clerk lacked the authority to retain the funds deposited on May 19, 2011, and ordered that they be returned to the individual/entity listed on the original checks, with accrued interest. The district court further concluded that, as a matter of equity, the Purchasers were entitled to return of the proceeds from the sheriff's sale. The court held that because the Purchasers' claim was not a new cause of action, the Plaintiffs' affirmative defenses did not apply to bar the Purchasers' motion. The district court later denied the Plaintiffs' motion to alter or amend.

Plaintiffs appeal the district court's decision to grant both motions. We have thoroughly examined the record on appeal and the district court's consideration of each issue presented for decision. We find no error with respect to the district court's analysis on each of these issues. For this reason, we affirm the district court's decision under Supreme Court Rule 7.042(b)(5) (2017 Kan. S. Ct. R. 48).

Affirmed.